Argued June 18, affirmed July 16, petition for rehearing denied August 23, petition for review denied November 13, 1973

STATE OF OREGON, *Respondent, v.*
ANGELO MIRANDA (No. 72-0605), *Appellant.*

511 P2d 1242

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

Defendant was indicted for the crime of burglary in the first degree. The indictment charged that he acting together in pursuance of a common intent with Stephen McCain knowingly and unlawfully on or about February 1, 1972, entered the dwelling of Florence Miller with the intent to commit theft. He was convicted by the unanimous verdict of a jury. He appeals, asserting a single assignment of error in the admission of certain evidence.

Cheryl Faust lived in January 1972 with Barbara Miller, a daughter-in-law of Florence Miller, the victim. Mrs. Faust knew Stephen McCain. Stephen McCain visited in the Barbara Miller home on January 27, 1972, a few days prior to the burglary. While he was there a casual remark was made in his immediate presence. Barbara Miller's little daughter told her mother that the child's grandmother—i.e., Florence Miller—had "got a bunch of paychecks." It was objected to as hearsay. The following then occurred:

"THE COURT: Is it offered as—simply for the fact that those words were spoken?

"MR. SMITH: Your Honor, it is offered to show a co-defendant overheard a conversation that related to alleged money on the premises of the Florence Miller house that was burglarized.

"THE COURT: You are not offering that any statements made were true statements but only that they were the statements made?

"MR. SMITH: That is correct.

"MR. PHILLIPS: Additional ground of objection—

"THE COURT: —go ahead.

"MR. PHILLIPS: I object to any evidence about things that would indicate the state of mind of the co-defendant on the grounds that there is not sufficient fact for a trier of fact to find a conspiracy.

"THE COURT: Overruled. You may answer."

II Wharton, Criminal Evidence 25, § 274 (Torcia 1972) states:

"An extrajudicial statement is inadmissible as hearsay only when offered as evidence of the truth of the matter to which it relates. If the statement is offered merely to show the fact of its having been made, it is admissible through the person who heard it. * * *"

and

"At times, the statement of a third person which affects the mental state of an accused may be shown. It is proper to show a statement, oral or written, which came to the knowledge of the accused prior to the commission of the crime charged, which might reasonably be said to have had some influence on his mental state at the time the crime was committed. Such evidence, when offered for the purpose of showing the mental state of the accused, is not condemned as hearsay, since the

question of the truth or falsity of the statement is not involved. The question is merely whether the statement had any effect on the mental state of the accused." (Footnote omitted.) II Wharton, Criminal Evidence, supra at 28-29.

Here the testimony clearly was not offered for the truth of the matter asserted but solely as a statement made in the presence of the alleged co-conspirator, McCain, which might reasonably have had some effect on his state of mind. The statement was expressly received for that limited purpose only. Thus, it was not barred by the hearsay rule.

■ The second portion of the objection raises the question of whether there was evidence that a conspiracy existed between McCain and the defendant, and whether the statement heard by McCain contributed in a significant way to the commission of the crime charged.

We note first that the statement was made on January 27, the burglary committed on February 1. There was evidence that defendant and McCain were acquainted prior to that time.

The evidence was overwhelming that the defendant participated in the unlawful daylight entry into Mrs. Miller's home. The victim herself came home and found two men in her home. Her screams caused them to flee. She positively identified the defendant as one of them. They fled, were seen by others while so doing, disappearing over a fence into the private grounds of an industrial plant where upon being accosted defendant said he was seeking employment. McCain and defendant were arrested together by the police within a mile of the victim's home within approximately an hour after the burglary, and the vic-

tim, upon being taken to the place where the men were, immediately identified the defendant.

The defendant himself testified, acknowledged his presence upon the victim's premises at the time charged, but said he was there because he saw a car parked in front of the house that had "mag" wheels about which he wished to inquire. He also stated that almost immediately prior thereto he was with McCain. While he was wandering around her premises after he knocked, he heard Mrs. Miller scream. He stated he then fled because he remembered that he had been convicted of burglary twice previously and became frightened that his presence might be misunderstood.

We think there was indeed sufficient evidence from which the jury could find that there was a conspiracy between the defendant and McCain and that the challenged statement made four days earlier in McCain's presence could reasonably have been a significant factor in the formulation of the plan to commit the crime charged.

In *State v. Van Nostrand,* 2 Or App 173, 178-79, 465 P2d 909, Sup Ct *review denied* (1970), we stated:

"In *State v. Parker,* 225 Or 88, 356 P2d 88 (1960), the court said:

" 'It is recognized that the courts have been most liberal in permitting *very slight* evidence to be sufficient to permit a jury to find a conspiracy. * * *' (Emphasis supplied.) 225 Or at 92."

Here, as in *Van Nostrand,* the question was correctly submitted to the jury.

Affirmed.